UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

KEVIN J. BLEVINS,                )
                                 )
          Petitioner,            )
v.                               )     No. 1:09-cv-1487-LJM-JMS
                                 )
SUPERINTENDENT, Westville        )
 Correctional Facility,          )
                                 )
          Respondent.            )

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Because habeas petitioner Kevin Blevins has failed to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. NCF 09-10-0115, Blevins was found guilty of violating prison rules at the New Castle Correctional Facility, an Indiana prison, by committing battery with bodily fluids. The evidence favorable to the decision of the conduct board is that on October 8, 2009, Sergeant D. Patton was called to the yard by Officer Mangen and upon arrival Blevins was standing at the entrance to check point D arguing with Officer Mangen. Sgt. Patton ordered Blevins to return to his dorm and Blevins began shouting at the officers and refused to return to his dorm. Blevins was placed in restraints and while being escorted became combative and began attempting to pull away. Blevins jumped out of a chair and came toward Sgt Patton, head butted Officer Westermen, refused orders to walk to segregation, and was carried by officers, including Sgt. Patton. While Blevins was being carried, he spit blood on Sgt. Patton and other officers. Contending that the proceeding was constitutionally infirm, Blevins seeks a writ of habeas corpus.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

"The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Blevins received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Blevins was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for its decision and for the sanctions which were imposed.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Blevins' claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Blevins to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/04/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana